```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND
_____
                                    )
LIN LI QU (a/k/a/ Michelle          )
Ng) individually and as             )
Administratix of the Estate of Hiu  )
Lui Ng (a/k/a Jason Ng), and as     )
guardian and next-friend of         )
their minor children, Raymond       )
Ng and Johnny Ng,                   )
                                    )
            Plaintiff,              )
                                    )
      v.                            )  C.A. No. 09-53 S
                                    )
CENTRAL FALLS DETENTION FACILITY    )
CORPORATION, et al.,                )
                                    )
            Defendants.             )
_____ )
```

ORDER

WILLIAM E. SMITH, United States District Judge.

Before the Court is Plaintiff Lin Li Qu's Motion to Amend the Complaint. She requests leave to amend her Third Amended Complaint, in light of discovery developments, to remove a number of defendants, and to add individuals who appear to be Immigration and Customs Enforcement ("ICE") officers, correctional officers at the Donald W. Wyatt Detention Facility ("Wyatt"), Wyatt nurses, and a Wyatt Health Services Administrator. Defendant United States of America opposes the motion on behalf of the ICE officers in their official capacities. Defendant argues that Plaintiff's motion should be denied on the basis of futility. Particularly, Defendant warns

that if the motion is granted, the ICE officers will file a "comprehensive" motion to dismiss the fourth amended complaint on the grounds of qualified immunity.

Fed. R. Civ. P. 15(a) provides that leave to amend should be freely given "when justice so requires." The First Circuit has noted that a motion to amend the complaint may be denied if there exists "an arguably adequate basis for the court's decision (e.g., futility, bad faith, undue delay, or a dilatory motive on the movant's part)." Hatch v. Dep't. for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001).

Here, futility is not readily apparent. Indeed, Defendant's indication that it would respond to an amendment with a "comprehensive" motion to dismiss signals that the appropriateness of qualified immunity vel non is better left to be decided on a motion to dismiss, and not effectively decided by the denial of a motion to amend the complaint. Furthermore, Defendants say nothing about the futility of an amendment as to the other potential defendants. For the foregoing reasons, Plaintiff's motion to amend the complaint is GRANTED.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: November 23, 2010