UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                        )
LIN LI QU (a/k/a Michelle Ng)           )
as Administratrix of the                )
Estate of Hiu Lui Ng                    )
(a/k/a Jason Ng) and individually       )
as the surviving spouse of              )
Hiu Lui Ng and as guardian              )
and next-of-friend of their             )
minor children, Raymond Ng and          )
Johnny Ng,                              )
                                        )
            Plaintiff,                   )
                                        )
      v.                                 )
                                        )
CENTRAL FALLS DETENTION FACILITY         )
CORPORATION; WAYNE T. SALISBURY, JR.;    )
TIMOTHY E. TAPLEY; BENJAMIN RAY          )
CANDELARIA, JR.; DEAN MOUGENOT;          )
ALFRED BENEDUCE; PEDRO SANCHEZ;          )
FRANK J. BOTELHO; CRYSTAL NORTHUP;       )
LYNNE LEMOINE-MCGUIRK; AMY ROCHEFORT;    )   CA. No. 09-53 S
CHRISTOPHER DEMERS; PATRICK BRADY;       )
BRIAN CREAMER; JOSHUA STROM;             )
PETER BARLETTA; GREGORY RICHARD;         )
CAROL STIMPSON; ANTONIO SANTOS;          )
JACOB SULLIVAN; KEVIN BRADY;             )
BONNIE WHITE; CORY CLOUD; PATRICK        )
LEVESQUE, M.D.; JOHN RIEDEL, M.D.;       )
FADI F. MANSOURATI, M.D.; AVCORR         )
MANAGEMENT, LLC;                         )
ANTHONY VENTETUOLO, JR.;                 )
CORNELL COMPANIES, INC.; CORNELL         )
CORRECTIONS OF RHODE ISLAND, INC.;       )
UNKNOWN CORNELL COMPANIES, INC. STAFF;   )
UNKNOWN CORNELL CORRECTIONS OF           )
RHODE ISLAND, INC. STAFF; FRANKLIN       )
COUNTY JAIL; FRANKLIN COUNTY             )
SHERIFF'S OFFICE; ROBERT W. NORRIS;      )
UNKNOWN FCJ STAFF; THE MEMORIAL          )
HOSPITAL OF RHODE ISLAND;                )
MARCIA ROBITAILLE, M.D.;                 )
LAWRENCE SMITH; ALDEAN BEAUMONT;         )

NADINE MESEREAU; DAVID HAMILTON;          )
BRIAN LANZIERI; WILFREDO RODRIGUEZ;       )
CHRISTIAN MANNS; and                      )
THE UNITED STATES OF AMERICA,             )
                                          )
              Defendants.                 )
_____)


**OPINION AND ORDER**

Before the Court is a motion to dismiss the seventh count of the fourth amended complaint (the "complaint") in this case. For the reasons set forth below, the motion is granted.

I.   BACKGROUND

Plaintiff Lin Li Qu (a/k/a Michelle Ng) ("Michelle") is the former wife of Hiu Lui Ng (a/k/a Jason Ng) ("Jason"), who died while in custody as an immigration detainee.  She brought suit individually and as administratix of Jason's estate, and as guardian and next-friend of their minor children, alleging a harrowing pattern of abuse and disregard for Jason's serious and worsening medical condition while in custody.  The defendants include Central Falls Detention Facility Corporation ("CFDFC"), which was the owner and operator of the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island ("Wyatt"), and certain people and corporations connected to Wyatt; the Franklin County Jail ("FCJ") in St. Albans, Vermont, and certain people and corporations connected to FCJ; the Memorial Hospital of Rhode Island and a physician there; the United States of

2

America; and, finally, seven named officers of Immigration and Customs Enforcement ("ICE"). These ICE officers moved to dismiss on the grounds that the complaint fails to state a claim against them and that they are entitled to qualified immunity.

The main focus of the allegations in the complaint is on the actions and inactions of the Wyatt defendants, who have not moved to dismiss. In their motion to dismiss, the ICE officers contend that they were not involved in the alleged wrongdoings and that the complaint improperly lumps them together with the main players at Wyatt. The Court held a hearing on the motion on June 8, 2011. Some of the counts in the complaint were voluntarily dismissed prior to the hearing, and some of them were ruled on from the bench after the hearing. (See Minute Entry for June 8, 2011; Text Order dated June 9, 2011.) The only issue remaining to be decided is whether the seventh count should be dismissed.

II. DISCUSSION

Count seven, styled "Bivens claim for wrongful detention and imprisonment," alleges that "ICE Officials violated Mr. Ng's clearly established constitutional right to not be detained for a prolonged period." (Compl., ECF No. 214, ¶ 185.)[1] They did

---

[1] This count was originally alleged against ICE officers Lawrence J. Smith and Nadine Mesereau. The claim against Smith was voluntarily dismissed, and only the claim against Mesereau remains.

so, according to the complaint, by failing to conduct a custody review "[d]espite federal regulations that require ICE to conduct a custody review within 120 days to determine whether to release or continue to detain a person, or refer them to the Post-Order Detention Unit (8 C.F.R. §241.4(c))." (Id.)

As the Court's opinion and order denying the United States' motion to dismiss noted, "Plaintiff has failed to cite with precision where any purported right to a 120-day review exists within these complicated regulatory provisions." (Opinion & Order, ECF No. 172, at 9 n.4.) The complaint's isolated references to a purported right to 120-day review and citations to 8 C.F.R. § 241.4(c) clearly fail to show where the purported statutory right to review comes from, whether it carries with it a private right of action, and what relevance it has to a constitutional claim for wrongful detention and imprisonment. Nor has Plaintiff provided any more detailed allegations, explanations, or specification in her opposition or at oral argument. The Court has reviewed 8 C.F.R. § 241.4(c) and, in the absence of any meaningful guidance from Plaintiff, cannot decipher any right to a 120-day review in it nor discern a violation of a constitutional or statutory right based on it.[2] The seventh count of the complaint fails to state a claim.

_____

[2] Moreover, the moving defendants pointed out at oral argument that 8 U.S.C. § 1252 provides for exclusive judicial

III. CONCLUSION

For the foregoing reasons, the motion to dismiss count seven of the complaint is GRANTED.


SO ORDERED:


*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  July 19, 2011

---

review of this type of claim in the United States Courts of Appeals, and that the Court does not have subject matter jurisdiction over it.  <u>See</u> <u>Aguilar v. U.S. Immigration & Customs Enforcement Div. of Dep't of Homeland Sec.</u>, 510 F.3d 1 (1st Cir. 2007).